FRANK ZACACK v. THE STATE.

No. 7607.   Decided April 11, 1923.

Rehearing Denied, May 23, 1923.

**1.—Unlawfully Manufacturing Intoxicating Liquor—Evidence—Subsequent Transaction—Harmless Error.**

Where complaint was made that after having proved that defendant was in the act of manufacturing intoxicating liquor, and after he had made a confession thereto, the State introduced evidence going to show that he was found in possession of wine on two subsequent occasions. *Held*, that while this testimony was inadmissible, yet inasmuch, as the evidence is conclusive that the defendant is guilty of the offense charged, the error is harmless, and the judgment is affirmed.

**2.—Same—Rehearing—Practice on Appeal.**

Where there was no issue as to guilt save such as arose from the plea of not guilty, and the jury assessed the lowest punishment, the admission of the evidence of subsequent discoveries of intoxicating liquor upon appellant's premises is harmless error, and a motion for rehearing is overruled.

Appeal from the Crim. District Court of Tarrant.   Tried below before the Hon. George E. Hosey.

Appeal from a conviction of the unlawful manufacture of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Baskin, Dodge & Beene* for appellant.—On question of subsequent offenses; Hill v. State, 44 Texas Crim. Rep., 605; Haney v. State, 122 S. W. Rep., 34; Kellum v. State, 238 id., 943; McAnally v. State, 73 id., 405.

*R. G. Storey,* Assistant Attorney General for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The witness Joyce testified that on the 5th of May, 1922, he searched the premises of the appellant and there found a quantity of mash, a still in operation, and whisky in the process of manufacture, also some of the finished product.

The confession of the appellant to the effect that he was in possession of a still and made several gallons of whisky was introduced. In his confession he stated that he found the still in a creek and that he made some whisky for his wife who was sick a good deal; that he found the mash which he was using in a vacant house and brought it to his place. He said that he liked whisky himself.

It was also proved that on another occasion since that described by the witness mentioned, the appellant's premises had been searched and a quantity of intoxicating liquor found thereon. This occurred on two subsequent occasions.

Appellant proved that both he and his wife were under indictment for the unlawful possession of whisky.

The son of the appellant, a youth eighteen years of age, testified that his father made wine but did not make any whisky; that the still found on his premises was found on a creek; that his mother never drank whisky; that his father never made it for her to drink but made a keg of wine for her.

We find one bill of exceptions in the record in which complaint is made of the fact that after having proved that the appellant was in the act of manufacturing intoxicating liquor on the 5th day of May after he had made a confession thereto, the State introduced evidence going to show that he was found in possession of wine on two subsequent occasions: once in July and once in August. We confess that we are unable to perceive the relevancy of this testimony, but inasmuch as the evidence is conclusive that the appellant was guilty of the offense charged, the injury from the introduction of the evidence of subsequent offenses is not apparent. The officer who searched the premises testified that the appellant was in possession of a still and some whisky; that he was operating the still and making whisky. Appellant, in a written confession which is not in any sense attacked by him, admits this to be true. It is true that the son testified that his father did not make any whisky. This is obviously a mere conclusion of the youth, and in view of the testimony of which mention has been made, we do not feel warranted in disturbing the verdict which has assessed against appellant the lowest penalty for the offense of which he is charged. In other words, the record apparently demonstrates that no injury resulted from the introduction of the illegal testimony.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### May 23, 1923.

HAWKINS, Judge.—The motion for rehearing challenges the correctness of our opinion holding the evidence of subsequent dis-

coveries of intoxicating liquor upon appellant's premises not to have been reversibly erroneous. Conceding the evidence to have been improperly admitted it does not necessarily follow that the error demands a reversal. Appellant's guilt, independent of this evidence, was established beyond question, circumstantially by the officers' testimony and directly by appellant's own confession. If the question of his guilt had been a closely drawn issue then we could readily perceive how the evidence complained of might have been used in turning the scale against him, and hence would call for a reversal; or, on the other hand, if more than the lowest punishment had been assessed we could not know to what extent the improper evidence contributed thereto, and similar action would have been necessary. But fortunately for the state neither contingency arises. There was no issue as to guilt, save such as arose from the plea of not guilt, and the jury assessed the lowest punishment. We feel quite sure our original opinion was correct.

The motion for rehearing is overruled.

*Overruled.*